**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4839**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK LORENZO CASEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:17-cr-00102-BHH-1)

_____

Submitted:  June 12, 2025                                    Decided:  June 16, 2025

_____

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, W. Cole Shannon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lorenzo Casey appeals the 235-month sentence imposed following his guilty plea, without the benefit of a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In 2017, police responded to a shooting in Spartanburg, South Carolina. They apprehended their suspect, Casey, and discovered a firearm on his person. A federal grand jury charged Casey with possession of a firearm by a convicted felon, in violation of § 922(g)(1). At the time, without any enhancement, Casey's conviction was subject to a maximum sentence of 10 years of imprisonment, but if the Armed Career Criminal Act (ACCA) applied, the sentence would be increased to a mandatory minimum 15 years imprisonment and a maximum of life. *See* 18 U.S.C. § 924(a)(2) (2002); *see also* 18 U.S.C. § 924(e)(1). The ACCA sentencing enhancement applies if the defendant had three previous convictions for a violent felony or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Government did not charge the ACCA enhancement in Casey's indictment.

Casey pleaded guilty to the charge and at his plea hearing both the Government and the district court advised Casey that the statutory punishment for his conviction would be a maximum of 10 years imprisonment, but if he had prior qualifying convictions, he would be subject to a term of imprisonment from 15 years to life. Casey confirmed that he understood this and that he nonetheless wanted to plead guilty. The court found Casey's plea to be knowing and voluntary and accepted it.

2

In Casey's presentence report, the probation officer, using state court records, concluded that Casey was subject to the ACCA's enhanced sentencing range because he had four previous convictions for crimes that qualified as violent felonies or serious drug offenses and were committed on different occasions. As is relevant here, the report relied on three 2003 South Carolina state convictions for distribution of crack cocaine. The three distribution offenses were charged in one indictment and disposed of in a single judgment. But South Carolina charged three separate counts for offenses that happened on three days: June 25, July 1, and July 14, 2003.

Casey did not object to the accuracy of any information included in the presentence report, including his criminal history. Nor did he argue at the sentencing hearing that the district court should find that the three distribution offenses were part of a single criminal episode constituting one occasion. Casey also did not assert that the fact that the underlying offenses had been committed on different occasions should have been charged in the indictment and either found by a jury or admitted by him in his guilty plea.

At sentencing, the district court determined that Casey's Sentencing Guidelines range was 188 to 235 months of imprisonment. The district court sentenced Casey to 235 months imprisonment and five years of supervised release. Casey timely appealed.

On appeal, Casey argues that the district court plainly erred in applying the enhanced penalties of the ACCA based on the Supreme Court's decision in *Erlinger v. United States,* 602 U.S. 821 (2024). There, the Supreme Court held that defendants are "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Id.* at 835. Under *Erlinger*, the government must charge in the

3

indictment that the defendant had three previous convictions for qualifying offenses that were "committed on occasions different from one another" and that fact must be admitted by the defendant or found by a jury. *United States v. Brown,*___ F.4th___, ___ No. 21-4253, 2025 WL 1232493, at *3 (4th Cir. April 29, 2025) (identifying *Erlinger* errors).

Because Casey did not object to the *Erlinger* errors, his appeal is subject to the plain error standard of review. In order to establish plain error, a defendant must show: (1) there is error; (2) the error is plain; and (3) the error affects his substantial rights. *United States v. Perdue*, 110 F.4th 662, 668 (4th Cir. 2024). "To satisfy this third condition, the defendant must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (internal quotation marks omitted). Specifically, he must "show a reasonable probability that, properly informed . . . he would not have pleaded guilty." *Id*. at 670; *see United States v. King*, 91 F.4th 756, 763 (4th Cir. 2024). Even if the defendant satisfies this three-prong test, this court will exercise its discretion to remedy the error "only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *King*, 91 F.4th at 760 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "The defendant bears the burden of satisfying each element of the plain error standard." *King*, 91 F.4th at 760.

Here, the Government admits that the district court's *Erlinger* error is plain, but contends that the error did not impact Casey's substantial rights. We agree. We conclude that Casey has not made a sufficient showing that had he been properly indicted or instructed by the district court he would have gone to trial instead of pleading guilty. Thus, the error did not affect his substantial rights.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*